## Jacob W. Bass *vs.* Thomas Veltum.

### December 23, 1881.

**Construction of Contract.**—A written contract is to be construed with
reference to the whole of its terms, so as, if may be, to give force and
effect to each of its stipulations.

Appeal by defendant from a judgment of the municipal court of
St. Paul.

*Chas. N. Bell,* for appellant.

*Geo. C. Squires,* for respondent.

Clark, J.    This action was brought to recover a balance due upon
the sale of a quantity of wheat.    The contract of sale was in writing,
and as follows:

"St. James, September 30, 1880.

"This is to certify that Thomas Veltum has this day bought of
J. W. Bass his crop of wheat, as it now is in warehouse, at 46
cents per bushel, to be removed and weighed in six days; and also
agrees to give said Bass the benefit of the rise in wheat in six days

from this date, and, in case the wheat declines in price, the said Bass loses the decline. To establish the price of wheat in six days, we take No. 3 wheat at 76½ cents at this time in Chicago, and be governed with the change, either up or down, on October 6, 1880.

"J. W. BASS.

"THOMAS VELTUM."

The wheat was removed and weighed within six days, pursuant to the contract. It was admitted by the pleadings that the price of No. 3 wheat in Chicago, on October 6, 1880, was 89½ cents per bushel. The plaintiff claimed that this fixed the price he was to receive for the wheat, under the contract, at 59 cents per bushel; that is to say, 46 cents, with 13 cents—the difference between 89½ and 76½ cents—added; and such was the opinion of the court below, and judgment was given accordingly.

The defendant's theory of the contract is that the price of the wheat was to be varied from 46 cents, according to the actual difference in the price of No. 3 wheat in Chicago on the day of the making of the contract and that of its fulfilment; and he alleged and offered to prove, but was not allowed to do so, that No. 3 wheat was worth in Chicago, at the date of the contract, 89 cents per bushel, and claimed that, in view of that fact, the plaintiff was entitled to only 46½ cents per bushel—46 cents, with the half-cent actual advance added. In support of his position the defendant made several offers of proof, which, to present the questions involved, may be reduced to the following: That the wheat sold was, and was known to the parties to be, a lower grade than No. 3, which was the lowest grade quoted at Chicago, and that, in arriving at the sum of 46 cents, mentioned in the contract, the parties were not governed by the price of other grades of wheat; that at the time of the making of the contract, the verbal agreement of the parties was that the plaintiff was only to get, in addition to 46 cents, the actual rise of No. 3 wheat in the market of Chicago, on October 6th, over its actual market value in Chicago when the contract was signed; that some days after the contract was signed, the plaintiff stated to the agent of the defendant that he knew when the contract was signed that No. 3 wheat was quoted at 89 cents in Chicago, and that the defend-

ant did not know that fact, but supposed No. 3 wheat was worth only 76½ cents. These offers were, on the objection of the plaintiff, severally overruled, and the defendant excepted.

The pleadings contain no charge of mistake or fraud in making the contract. The only question is whether it was correctly construed, and, as bearing upon this question, whether the evidence offered tended legitimately to throw any light upon its construction. There is no ambiguity in the contract. Construed altogether, it fixes the price of the wheat sold, without reference to its grade, at so much over or under 46 cents per bushel as No. 3 wheat should be worth in Chicago, on October 6th, over or under 76½ cents; that is to say, if No. 3 wheat was then worth in Chicago over 76½ cents, the increment was to be added to 46 cents; if it was then worth less than 76½ cents, the deficit was to be deducted from 46 cents. The construction contended for by the defendant would give no effect to the last clause of the contract. Sheppard lays it down as a rule of construction "that the construction be made upon the entire deed, and that one part of it doth help to expound another, and that every word (if it may be) may take effect and none be rejected." Touchstone, 87. This is a universal rule of construction, for, obviously, it cannot be the intention of the parties that some of the stipulations of an agreement should be disregarded, and a part of the agreement taken as though it were the whole. The intention of the parties is to be sought by giving force and effect, if it may be, to each clause of the contract. Construed according to this rule, the last clause is to be taken as adding a stipulation or qualification to what precedes. The evidence offered threw no light upon the construction of the contract, but, so far as it touched it at all, only tended to contradict it, and show it was not the contract the parties made. We are of opinion that the case was correctly disposed of.

Judgment affirmed.